FILED

**NOT FOR PUBLICATION**

FEB 06 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

SANDI RUSH,

   Plaintiff - Appellant,

 v.

PIER 1 IMPORTS (U.S.) INC.;
STARBUCKS CORPORATION,

   Defendants - Appellees.

No. 11-57214

D.C. No. 2:10-cv-08952-GW-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted February 4, 2015[**]
Pasadena California

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: REINHARDT and GOULD, Circuit Judges, and MOTZ, Senior District Judge.[***]

Sandi Rush appeals from the district court's grant of summary judgment to appellees on her claims under the Americans with Disabilities Act (ADA). We have jurisdiction pursuant to 28 U.S.C. § 1291. "'The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir.1985)). Similarly, "[t]he district court's exclusion of evidence in a summary judgment motion is reviewed for an abuse of discretion." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

## I.

The district court did not abuse its discretion in denying Rush leave to amend her complaint. Even if *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011), effected a change in the pleading standard—a question we need not and do not reach—Rush failed to demonstrate "good cause" to amend the complaint after the deadline for doing so under the district court's scheduling order had passed.

---

[***] The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

*See Johnson,* 975 F.2d at 608–09. *Oliver* issued on August 17, 2011, yet Rush waited until October 3, 2011 to file her motion to amend the complaint, which was after the close of discovery and after both defendants had filed summary judgment motions. It was within the district court's discretion to conclude, as it did, that the work involved in amending the complaint was minimal and did not justify such a lengthy delay, and that the defendants would be prejudiced if the court vacated the near-term trial date and reopened discovery. *See id.* at 609; *see also Parker v. Joe Lujan Enterprises, Inc.*, 848 F.2d 118, 121 (9th Cir. 1988). We also reject Rush's contention that she was entitled to amend her complaint to cure a jurisdictional defect pursuant to 28 U.S.C. § 1653. Although the district court found one of Rush's claims moot, it ruled on the merits of her other claims and retained jurisdiction over the case. Thus, there was no jurisdictional defect to cure via amendment of the complaint.

II.

Rush also appeals the district court's refusal to consider her expert report pertaining to the alleged barriers at Starbucks. We need not decide whether the district court erred in concluding that Rush had failed to authenticate the report, because any such error was harmless. *Cf. Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533–34 (9th Cir. 2011) (holding district court should have considered

3

possibility of authentication under Fed. R. Evid. 904(b)(4) and applying harmless error analysis). The excluded expert report did not raise a genuine issue of material fact with respect to the ADA claims that were properly raised before the district court.

**AFFIRMED.**